IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARILYN WILLIAMS, INDIVIDUALLY AND AS NEXT FRIEND OF I.C. | § § § § | |
| Plaintiffs | § § | |
| v. | § § § | |
| TORCHBEARERS – HIS HILL AND THE TORCHBEARERS OF THE CAPERNWRAY MISSONARY FELLOWSHIP D/B/A TORCHBEARERS INTERNATIONAL, D/B/A HIS HILL RANCH CAMP | § § § § § § § § | CIVIL ACTION NO. 5:19-cv-00580 |
| Defendants | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, MARILYN WILLIAM, INDIVIDUALLY AND AS NEXT FRIEND OF I.C., hereinafter referred to as "Plaintiff", in the above entitled and numbered cause, complaining of TORCHBEARERS – HIS HILL and THE TORCHBEARERS OF CAPERNWRAY MISSONARY D/B/A TORCHBEARERS INTERNATIONAL (hereinafter referred to as "Defendants") and for cause of action would respectfully show the Court as follows:

**A.
Parties and Service of Citation**

1.  Plaintiff, MARILYN WILLIAM, INDIVIDUALLY AND AS NEXT FRIEND OF I.C, is a resident/citizen of Bexar County, Texas.

2.      Defendant TORCHBEARERS - HIS HILL is a Texas corporation formed and existing under the laws of the State of Texas, and may be served via its registered agent, Charles McCall, 102 Mill Dam Road, PO Box 9, Comfort, Texas 78013.

3.      Defendant THE TORCHBEARERS OF CAPERNWRAY MISSONARY D/B/A TORCHBEARERS INTERNATIONAL is a California corporation formed and existing under the laws of the State of California, and may be served via its registered agent, Capernwray Missionary Fellowship of Torchbearers, 514 Pole Hill Road, PO BOX 3340, Estes Park, Colorado 80517 or National Registered Agents, Inc., 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

## B.
## Misnomer/Alter-Ego

4.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## C.
## Venue

5.      Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## D.
## Jurisdiction and Capacity

6.      **In Personam:**  The Court has *in personam* jurisdiction over the Defendants because the Defendants are in the business operating a summer camp in the State of Texas.

2

7. **Subject Matter:** The Court has subject matter jurisdiction over the case at bar pursuant to 28 U.S.C. §1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

8. **Capacity:** Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing.

### E.
### Factual Allegations

9. On June 12, 2017, Defendants were operating His Hill Ranch Camp, a summer camp for children, located at or near 102 Mill Dam Road, Comfort, Texas.

10. Minor Plaintiff I.C. was attending His Hill Ranch Camp and was required to participate in a climbing wall activity.

11. Minor Plaintiff I.C. informed two (2) male counselors, agents and/or employees of Defendants, that she did not want to participate in the climbing wall activity. Minor Plaintiff I.C. was told that she had to do the climbing wall activity.

12. Minor Plaintiff I.C. began climbing the wall. Minor Plaintiff I.C. then fell off the wall. The two (2) male counselors who were spotting Minor Plaintiff I.C. failed to properly break her fall.

13. As a proximate result of the aforementioned incident, Minor Plaintiff I.C. was caused to suffer serious injuries and damages, including breaking her left leg, as hereinafter described.

### F.
### Conditions Precedent

14. Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar. Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendants.

## G.
## Negligence

15. Plaintiff incorporates the facts alleged above.

16. Plaintiff sue Defendants for negligence. Each Defendant was negligent in one or more acts or omissions, including those described below and elsewhere herein, each of which was a proximate cause of the occurrence in question and the injuries and damages alleged herein:

    a.    Failing to adequately supervise the climbing wall activity;
    b.    Failing to ensure the safety of Minor Plaintiff I.C. during the climbing wall activity;
    c.    Failing to properly train Defendant's employees on how to safely perform the climbing wall activity;
    d.    Failing to prevent Minor Plaintiff I.C. from breaking her leg upon falling;
    e.    Allowing a dangerous activity to be performed; and,
    f.    Any other negligent act or omission found by the trier of fact.

## H.
### *Respondeat Superior*/Vicarious Liability, and
### Course and Scope of Employment

17. Plaintiff incorporates the facts and allegations above.

18. Whenever it is alleged that a Defendants did an act or thing, or omitted to do an act or thing, it is meant that the Defendants committed such act or omission either directly or by and through the Defendants' agents, servants, employees, managers, administrators, officers, or

representatives

19.     Whenever it is alleged that an agent, servant employee, manager, administrator, officer, or representative of a principal did an act or thing, or omitted to do an act or thing, it is meant that such conduct was performed in the course and scope of the applicable agency, employment, or representation of the principal.

20.     Under the doctrine of **respondeat superior**, Defendants are vicariously liable for the actions of the two (2) males counselors

# I.
# Damages

21.     Plaintiff incorporates the facts alleged above.

22.     Plaintiff alleges, both individually and as next friend of I.C., that as a direct and proximate result of the conduct, and/or negligent acts and/or omissions of Defendants, Plaintiffs are entitled to recover at least the following legal damages:

   a. Reasonable and necessary health care expenses incurred by Plaintiff and Minor Plaintiff I.C. in the past;

   b. Reasonable and necessary health care expenses, which, in all reasonable probability, will be incurred by Plaintiff and Minor Plaintiff I.C. in the future;

   c. Physical pain and suffering by Minor Plaintiff I.C. in the past;

   d. Physical pain and suffering by Minor Plaintiff I.C., which, in all reasonable probability, will be endured in the future;

   e. Mental anguish suffered by Minor Plaintiff I.C. in the past;

   f. Mental anguish, which, in all reasonable probability, will be suffered by Minor Plaintiff I.C. in the future;

   g. Physical impairment suffered by Minor Plaintiff I.C. in the past;

  h. Physical impairment, which, in all reasonable probability, will be suffered by Minor Plaintiff I.C. in the future;

  i. Physical disfigurement suffered by Minor Plaintiff I.C. in the past; and

  j. Physical disfigurement, which, in all reasonable probability, will be suffered by Minor Plaintiff I.C. in the future.

Accordingly, Plaintiffs sue for damages within the jurisdictional limits of the Court.

## J.
## Costs And Interest

23. It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, Plaintiff seeks an award of costs and prejudgment and post-judgment interest.

## K.
## Jury Demand

24. Plaintiff asserted her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## **PRAYER**

25. WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

  a. Damages, actual, special, exemplary and otherwise, in an amount within the Court's jurisdictional limits;

  b. All Costs of Court;

  c. Both pre-judgment and post-judgment interest at the maximum legal rate; and

Case 5:19-cv-00580 Document 1 Filed 05/30/19 Page 7 of 7

d. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Office of Matthew S. Norris PLLC

By:_____

Matthew S. Norris
TBA No. 24076881
6243 IH-10 West, Suite 1010
San Antonio, Texas 78201
Ph. (210) 549-7633
Fax (210) 446-4482
matt@mattthewnorrislaw.com
ATTORNEY FOR PLAINTIFF